UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01-10049 |
| ) | |
| EUGENE L. HAYWOOD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Eugene Haywood's Motion to Proceed on Appeal In Forma Pauperis. For the reasons stated below, the Motion to Proceed on Appeal In Forma Pauperis [#124] is DENIED.

### DISCUSSION

Concerning a Motion to Proceed In Forma Pauperis in a criminal case, the Court may certify that the appeal is not taken in good faith and deny the Motion. Fed. R. App. P. 24(a)(3). To find that the appeal is in good faith, this Court must find that "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

In denying Haywood's Motion to Reduce Sentence based on the retroactive Amendment to the crack cocaine sentencing guideline, the Court found that he was sentenced to a statutory minimum sentence. Because U.S.S.G. § 5G1.1(b) was not amended, and remains unaffected by the crack cocaine Amendment and U.S.S.G. § 1B1.10, and still provides that where a statutorily-required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily-required minimum

sentence shall be the guideline sentence. The Court concluded therefore that the retroactive Amendment did not result in any change to Haywood's sentence. Now, Haywood appeals that Order. However, because the retroactive Amendment does not affect Haywood's statutorily-required minimum sentence, and the Court could not reduce his sentence, the Court concludes that Haywood did not bring his appeal in good faith.

## CONCLUSION

For the reasons set forth above, the Motion to Proceed on Appeal In Forma Pauperis [#124] is DENIED.

ENTERED this 19th day of June, 2008.

s/ Michael M. Mihm

Michael M. Mihm
United States District Judge